**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHUBBY GORILLA, INC. | |
| Plaintiff, | |
| v. | Case No. 24-cv-13034 |
| ████████████████ | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

Plaintiff Chubby Gorilla, Inc. ("Chubby Gorilla" or "Plaintiff") hereby brings the present action against ███████████████████████████ ("Defendant") and alleges as follows:

**I.      JURISDICTION AND VENUE**

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2.      This is also an action for trade dress infringement that arises under the trademark laws of the United States, namely the Lanham Act, 15 U.S.C. § 1051 *et seq.*

3.      This Court has subject matter jurisdiction over Chubby Gorilla's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has jurisdiction over the claim in this action that arises under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claim is so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, since Defendant directly targets business

1

activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores shown in **Exhibit 1** operating under the seller alias ███████ ████████████████████ Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold and actually shipped products featuring Chubby Gorilla's patented designs and trade dress to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Chubby Gorilla substantial injury in the State of Illinois.

## II. INTRODUCTION

5.      This action has been filed by Chubby Gorilla to combat e-commerce store operators who make, use, offer for sale, sell and/or import into the United States for subsequent sale or use, unauthorized and unlicensed products, namely the ████ products shown in **Exhibit 1** (the "Infringing Products") (annotations added), that infringe Chubby Gorilla's design patents and trade dress.

6.      Defendant creates e-commerce stores operating under one or more seller aliases that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing customers. On information and belief, Defendant attempts to avoid and mitigate liability by operating under one or more seller aliases to conceal both its identity and the full scope and interworking of its operation, including changing the names of its e-commerce stores and opening new stores. Chubby Gorilla has filed this action to combat Defendant's infringement of its patented designs and trade dress, as well as to protect unknowing customers from purchasing Infringing Products over the Internet. Chubby Gorilla has suffered actual damages and irreparable injury to its business. Chubby Gorilla will continue to suffer

substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions.

## III.    THE PARTIES

7.      Chubby Gorilla is a corporation organized and existing under the laws of the State of California, having a principal place of business at 4320 N. Harbor Blvd., Fullerton, CA 92835.

8.      Defendant is an individual and/or business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the seller alias ███████ ████████████████ and/or other seller aliases not yet known to Chubby Gorilla. Chubby Gorilla is informed and believes and thereon, alleges that Defendant resides in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations.

9.      Tactics used by Defendant to conceal its identity and the full scope of its operation make it virtually impossible for Chubby Gorilla to discover Defendant's true identity and the exact interworking of its network. If Defendant provides additional credible information regarding its identity, Chubby Gorilla will take appropriate steps to amend the Complaint.

## IV.    GENERAL ALLEGATIONS

10.     Chubby Gorilla is one of the nation's leading manufacturers of ███████████ ███████████████. Chubby Gorilla protects its innovative designs with its intellectual property rights.

11.     On ██████████, the USPTO duly and lawfully issued United States Design Patent No. █████████████████████ Chubby Gorilla is the owner by assignment of all right, title, and interest in the ███ Patent. A true and correct copy of the ███ Patent is attached hereto as **Exhibit 2.**

3

12. On ███████████, the USPTO duly and lawfully issued United States Design Patent No. ██████████████████ Chubby Gorilla is the owner by assignment of all right, title, and interest in the ███ Patent. A true and correct copy of the ███ Patent is attached hereto as **Exhibit 3.**

13. On ███████████, the USPTO duly and lawfully issued United States Design Patent No. ██████████████████ Chubby Gorilla is the owner by assignment of all right, title, and interest in the ███ Patent. A true and correct copy of the ███ Patent is attached hereto as **Exhibit 4**.

14. The ████████████ Patents are referred to collectively herein as the "Asserted Patents."

15. Chubby Gorilla's products are known for their distinctive patented designs. These designs are broadly recognized by consumers. ███ styled after these designs are associated with the quality and innovation that the public has come to expect from Chubby Gorilla. Chubby Gorilla's products, which embody the patented designs, are marked in compliance with 35 U.S.C. § 287(a).

16. Chubby Gorilla sells ████████ that bear a unique and distinctive trade dress in the overall design ("███ Trade Dress"). An example of ███ Trade Dress is depicted in the image below:



17. ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████

18.      Due to the overwhelming number of sales of ████████████████████ ████████, with millions of units sold to date, the consuming public has come to associate ██ ██████ Trade Dress exclusively with Chubby Gorilla.

19.      The public's association of ████████ Trade Dress with Chubby Gorilla has been enhanced by Chubby Gorilla's advertising.  This advertising, including advertising on the Chubby Gorilla website, as shown in the examples below, prominently features pictures of the ████ ██████████████████████████, further cementing the public's association of this ████ with Chubby Gorilla.





20.     As a result of Chubby Gorilla's widespread use and display of ▆▆▆▆ Trade Dress in association with ▆▆▆▆▆▆, (a) the public has come to recognize and identify the products bearing ▆▆▆▆ Trade Dress as emanating from Chubby Gorilla, (b) the public recognizes that products bearing ▆▆▆▆ Trade Dress constitute high quality products that conform to the specifications created by Chubby Gorilla, and (c) ▆▆▆▆ Trade Dress has established strong secondary meaning and extensive goodwill.

21. ███████ Trade Dress is not functional. The design features embodied by ██

███ Trade Dress are not essential to the function of ██████, do not make ██████ cheaper

or easier to manufacture, and do not affect the quality of ██████. The design embodied by ██

███ Trade Dress is not a competitive necessity.

22. The shape of ██████ Trade Dress serves to identify Chubby Gorilla as the source

of ██████.

23. In addition, Defendant's ██████ are nearly identical in appearance to Chubby

Gorilla's ██████ This falsely represents to consumers that Defendant's products are manufactured

or endorsed by Chubby Gorilla.

24. Chubby Gorilla has identified numerous marketplace listings on e-commerce

platforms, such as Alibaba, including those operating under the seller alias ████████████

████████████ The seller alias targets consumers in this Judicial District and throughout the

United States. E-commerce sales, including e-commerce Internet stores like those of Defendant,

have resulted in a sharp increase in the shipment of unauthorized products into the United States.

*See* **Exhibit 5**, U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics,*

*Fiscal Year 2021.* According to Customs and Border Protection's ("CBP") report, over 90% of all

CBP intellectual property seizures were smaller international mail and express shipments (as

opposed to large shipping containers). *Id.* Approximately 60% of CBP seizures originated from

mainland China and Hong Kong. *Id.*

25. Marketplace platforms, like those used by Defendant, do not adequately subject new

sellers to verification and confirmation of their identities, allowing infringers to "routinely use false

or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 6**,

Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J.

INT'L L. & BUS. 157, 186 (2020). Additionally, "Internet commerce platforms create bureaucratic

or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id*. at 25. Therefore, with the absence of regulation, Defendant may and does garner sales from Illinois residents by setting up and operating e-commerce Internet stores that target United States consumers using one or more aliases, offering shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold and actually shipped Infringing Products to residents of Illinois.

26.     Chubby Gorilla is informed and believes and thereon, alleges that Defendant goes to great lengths to conceal its identity by using multiple fictitious names and addresses to register and operate its network of e-commerce stores. Chubby Gorilla is informed and believes and thereon, alleges that Defendant regularly creates new websites and online marketplace accounts on various platforms using the seller alias ███████████████████████ as well as other unknown fictitious names and addresses. Such e-commerce store registration patterns are one of the many common tactics used by Defendant to conceal its true identity, the full scope of its e-commerce operation, and to avoid being shut down.

27.     Defendant, without any authorization or license from Chubby Gorilla, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that directly and/or indirectly infringe the Asserted Patents and ████ Trade Dress. The e-commerce stores operating under the seller alias ██████████████████████ ████ offer shipping to the United States, including Illinois, and Defendant has sold infringing products in the United States and Illinois over the Internet.

28.     Chubby Gorilla is informed and believes and thereon, alleges that Defendant's acts complained of here are willful and deliberate.

29.     Defendant's acts complained of herein have caused Chubby Gorilla to suffer actual damages and irreparable injury to its business. Chubby Gorilla will continue to suffer substantial

loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of here.

## COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. ███████
### (35 U.S.C. § 271)

30.     Chubby Gorilla hereby repeats, realleges, and incorporates by reference Paragraphs 1–29 of this Complaint as if fully set forth herein.

31.     This is a claim for patent infringement under 35 U.S.C. § 271.

32.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the ███ Patent by making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use products (see, e.g., Exhibit 1, blue annotations) having a design that infringes the ███ Patent.  For example, the side-by-side visual comparisons, shown in **Exhibit 7**, of Chubby Gorilla's patented design and exemplary infringing products establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of the infringing products is substantially the same as the claimed design of the ███ Patent, because the resemblance is such to deceive such an observer inducing him to purchase one supposing it to be the other and, as a result, Defendant infringes the ███ Patent.

33.     Defendant's acts of infringement of the ███ Patent were undertaken without permission or license from Chubby Gorilla.  Chubby Gorilla is informed and believes, and based thereon, alleges, that Defendant has actual knowledge of Chubby Gorilla's rights in the ███ Patent.  The design of Chubby Gorilla's products is well-known throughout the industry, and the infringing products are a nearly identical copy of Chubby Gorilla's patented design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the ███ Patent.  Defendant infringed the ███ Patent with reckless disregard of Chubby Gorilla's patent rights.  Defendant

knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the ▮ Patent. Defendant's acts of infringement of the ▮ Patent were not consistent with the standards of commerce for the industry.

34.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Chubby Gorilla.

35.     Pursuant to 35 U.S.C. § 284, Chubby Gorilla is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

36.     Pursuant to 35 U.S.C. § 285, Chubby Gorilla is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

37.     Pursuant to 35 U.S.C. § 289, Chubby Gorilla is entitled to Defendant's total profits from Defendant's infringement of the ▮ Patent.

38.     Due to the aforesaid infringing acts, Chubby Gorilla has suffered great and irreparable injury, for which Chubby Gorilla has no adequate remedy at law.

39.     Defendant will continue to infringe Chubby Gorilla's patent rights to the great and irreparable injury of Chubby Gorilla, unless enjoined by this Court pursuant to 35 U.S.C. § 283.

**COUNT II**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. ▮**
**(35 U.S.C. § 271)**

40.     Chubby Gorilla hereby repeats, realleges, and incorporates by reference Paragraphs 1–39 of this Complaint as if fully set forth herein.

41.     This is a claim for patent infringement under 35 U.S.C. § 271.

42.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the ▮ Patent by making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use products (see, e.g.,

11

Exhibit 1, blue annotations) having a design that infringes the ▮▮▮ Patent. For example, the side-by-side visual comparisons, shown in **Exhibit 8**, of Chubby Gorilla's patented design and exemplary infringing products establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of the infringing products is substantially the same as the claimed design of the ▮▮▮ Patent, because the resemblance is such to deceive such an observer inducing him to purchase one supposing it to be the other and, as a result, Defendant infringes the ▮▮▮ Patent.

43.     Defendant's acts of infringement of the ▮▮▮ Patent were undertaken without permission or license from Chubby Gorilla. Chubby Gorilla is informed and believes, and based thereon, alleges, that Defendant had actual knowledge of Chubby Gorilla's rights in the ▮▮▮ Patent. The design of Chubby Gorilla's products is well-known throughout the industry, and the infringing products are a nearly identical copy of Chubby Gorilla's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the ▮▮▮ Patent. Defendant infringed the ▮▮▮ Patent with reckless disregard of Chubby Gorilla's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the ▮▮▮ Patent. Defendant's acts of infringement of the ▮▮▮ Patent were not consistent with the standards of commerce for the industry.

44.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Chubby Gorilla.

45.     Pursuant to 35 U.S.C. § 284, Chubby Gorilla is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

46.     Pursuant to 35 U.S.C. § 285, Chubby Gorilla is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

47.     Pursuant to 35 U.S.C. § 289, Chubby Gorilla is entitled to Defendant's total profits from Defendant's infringement of the ███ Patent.

48.     Due to the aforesaid infringing acts, Chubby Gorilla has suffered great and irreparable injury, for which Chubby Gorilla has no adequate remedy at law.

49.     Defendant will continue to infringe Chubby Gorilla's patent rights to the great and irreparable injury of Chubby Gorilla, unless enjoined by this Court pursuant to 35 U.S.C. § 283.

**COUNT III**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. ███**
**(35 U.S.C. § 271)**

50.     Chubby Gorilla hereby repeats, realleges, and incorporates by reference Paragraphs 1–49 of this Complaint as if fully set forth herein.

51.     This is a claim for patent infringement under 35 U.S.C. § 271.

52.      Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the ███ Patent by making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use infringing products (see, e.g., Exhibit 1, purple annotations) having a design that infringes the ███ Patent.  For example, the side-by-side visual comparisons, shown in **Exhibit 9**, of Chubby Gorilla's patented design and exemplary infringing products establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of the infringing products is substantially the same as the claimed design of the ███ Patent, because the resemblance is such to deceive such an observer inducing him to purchase one supposing it to be the other and, as a result, Defendant infringes the ███ Patent.

53.     Defendant's acts of infringement of the ███ Patent were undertaken without permission or license from Chubby Gorilla.  Chubby Gorilla is informed and believes, and based thereon, alleges, that Defendant had actual knowledge of Chubby Gorilla's rights in the ███

Patent. The design of Chubby Gorilla's products is well-known throughout the industry, and the infringing products are a nearly identical copy of Chubby Gorilla's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the ███ Patent. Defendant infringed the ███ Patent with reckless disregard of Chubby Gorilla's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the ███ Patent. Defendant's acts of infringement of the ███ Patent were not consistent with the standards of commerce for the industry.

54. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Chubby Gorilla.

55. Pursuant to 35 U.S.C. § 284, Chubby Gorilla is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

56. Pursuant to 35 U.S.C. § 285, Chubby Gorilla is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

57. Pursuant to 35 U.S.C. § 289, Chubby Gorilla is entitled to Defendant's total profits from Defendant's infringement of the ███ Patent.

58. Due to the aforesaid infringing acts, Chubby Gorilla has suffered great and irreparable injury, for which Chubby Gorilla has no adequate remedy at law.

59. Defendant will continue to infringe Chubby Gorilla's patent rights to the great and irreparable injury of Chubby Gorilla, unless enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT IV
## TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125)

60. Chubby Gorilla hereby repeats, realleges, and incorporates by reference Paragraphs 1–59 of this Complaint as if fully set forth herein.

61.     This is a claim for trade dress infringement arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Chubby Gorilla has valid trade dress rights in ██████ Trade Dress, which are protected by Section 43(a) of the Lanham Act.

63.     Defendant's use and sale of an essentially identical ██████ (see, e.g., Exhibit 1, red annotations) is likely to cause consumer confusion as to the source of Defendant's ████

64.     Accordingly, Defendant's sale of an essentially identical ██████ infringes Chubby Gorilla's trade dress rights.

65.     Chubby Gorilla is informed and believes and thereon, alleges that Defendant's acts of trade dress infringement were willfully undertaken with the express purpose of causing consumer confusion as to the source of Defendant's ████ so that Defendant could take unfair advantage of Chubby Gorilla's reputation and goodwill by causing confusion and mistake among customers and the public to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by Chubby Gorilla, when they are not, resulting in a loss of reputation in, and mischaracterization of, Chubby Gorilla's products and its brand, damaging its marketability and saleability.

66.     Defendant's activities constitute willful and intentional infringement of ██████ Trade Dress rights in total disregard of Chubby Gorilla's proprietary rights and were done despite Defendant's explicit knowledge that the use and sale of ██████ Trade Dress was and is in direct contravention of Chubby Gorilla's rights.

67.     Chubby Gorilla is informed and believes and thereon, alleges that Defendant has derived and received gains, profits, and advantages from its trade dress infringement in an amount that is not currently known to Chubby Gorilla.  Moreover, Defendant's actions have damaged Chubby Gorilla in an amount to be determined at trial.

68.     Further, Defendant's trade dress infringement has caused Chubby Gorilla to suffer, and continue to suffer, great and irreparable injury for which Chubby Gorilla has no adequate remedy at law.

## COUNT V
## FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125)

69.     Chubby Gorilla hereby repeats, realleges, and incorporates by reference Paragraphs 1–68 of this Complaint as if fully set forth herein.

70.     This is a claim for unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

71.     Defendant's use of ███████ Trade Dress without Chubby Gorilla's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (1) is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Chubby Gorilla, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Chubby Gorilla, and (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods or commercial activities, in violation of 15 U.S.C. § 1125(a).

72.     Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of Defendant's product, the origin of ███████ Trade Dress, and cause said persons to mistakenly believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Chubby Gorilla or are in some way affiliated or connected with Chubby Gorilla, all in violation of 15 U.S.C. § 1125, and constitutes false designation of origin and unfair competition with Chubby Gorilla.

73.    Chubby Gorilla is informed and believes and thereon, alleges that Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation or origin and false descriptions or representations.

74.    Chubby Gorilla is informed and believes and thereon, alleges that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, false or misleading representations of fact, and unfair competition in an amount that is not presently known to Chubby Gorilla.  By reason of Defendant's actions constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and unfair competition, Chubby Gorilla has been damaged and is entitled to monetary relief in an amount to be determined at trial.

75.    Due to Defendant's actions constituting false designation or origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and unfair competition, Chubby Gorilla has suffered and continues to suffer great and irreparable injury for which Chubby Gorilla has no adequate remedy at law.

**COUNT VI**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES**
**ACT (815 ILCS § 510/2, *et seq.*)**

76.    Chubby Gorilla hereby repeats, realleges, and incorporates by reference Paragraphs 1–75 of this Complaint as if fully set forth herein.

77.    Defendant has engaged in acts violating Illinois law including, but not limited to, causing likelihood of confusion and/or misunderstanding as to the source of its goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Chubby Gorilla representing that its products have Chubby Gorilla's approval when they do not,

and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

78.     Defendant knew, or by the exercise of reasonable care should have known, that its past, current, and continuing advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in goods using ██████ Trade Dress has and will continue to cause confusion and mistake, or deceive purchasers, users, and the public.

79.     Chubby Gorilla has no adequate remedy at law, and Defendant's conduct has caused Chubby Gorilla to suffer damage to its reputation and goodwill. Unless enjoined by this Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

### PRAYER FOR RELIEF

WHEREFORE, Chubby Gorilla prays for judgment against Defendant as follows:

A.     That the Court renders a final judgment in favor of Chubby Gorilla and against Defendant on all claims for relief alleged herein;

B.     An Order adjudging Defendant to have infringed the ██████████ Patents under 35 U.S.C. § 271;

C.     An Order adjudging Defendant's patent infringement to be willful;

D.     That Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

1.     infringing the ██████████ Patents in violation of 35 U.S.C. § 271, including, for example, through the sale, selling, and/or importing into the United States of any of the Infringing Products or any products that are not colorably different from such products;

18

2. aiding, abetting, contributing to, or otherwise assisting anyone in infringing the ▮▮▮▮▮ Patents, including, for example, offering for sale, selling, and/or importing into the United States for subsequent sale or use any of the Infringing Products or other products that are not colorably different from such products; and

3. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b);

E. That Defendant account for all gains, profits, and advantages derived through Defendant's infringement the ▮▮▮▮▮ Patents in violation of 35 U.S.C. § 271, and that Defendant pay Chubby Gorilla all damages suffered by Chubby Gorilla and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

F. That the Court find for Chubby Gorilla and against Defendant on Chubby Gorilla's claim of trade dress infringement under 15 U.S.C. § 1125(a), and adjudge that Defendant has infringed ▮▮▮▮▮ Trade Dress;

G. That the Court finds for Chubby Gorilla and against Defendant on Chubby Gorilla's claim of false designation of origin and unfair competition under 15 U.S.C. § 1125;

H. That Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

1. using ▮▮▮▮▮ Trade Dress or any trade dress that is confusingly similar thereto;

2. falsely designating the origin of Defendant's goods;

3. unfairly competing with Chubby Gorilla in any manner whatsoever;

4.  causing a likelihood of confusion or injuries to Chubby Gorilla's business reputation;

I.  That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation of origin, and unfair competition;

J.  That Chubby Gorilla be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

1.  All profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled;

2.  All damages sustained by Chubby Gorilla as a result of Defendant's acts of trade dress infringement, false designation of origin, and unfair competition, and that such damages be trebled; and,

3.  The costs of this action;

K.  That such damages and profits be trebled and awarded to Chubby Gorilla pursuant to 15 U.S.C. § 1117;

L.  Entry of an Order that, upon Chubby Gorilla's request, any third party with actual notice of the Order who is providing services for Defendant, or in connection with Defendant's Online Marketplaces, including without limitation, any online marketplace platforms such as Alibaba and made-in-china.com (collectively, the "Third Party Providers") shall:

1.  disable and cease providing services for any accounts through which Defendant engages in the sale of the Infringing Products or other products that are not colorably different from such products;

2. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of the Infringing Products or other products that are not colorably different from such products;

3. Take all steps necessary to prevent links to the online marketplace accounts identified in Exhibit 1 from displaying in search results, including, but not limited to, removing links to the URLs from any search index;

M. An Order adjudging that this is an exceptional case;

N. An Order for trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284 and/or 15 U.S.C. § 1117;

O. An award to Chubby Gorilla of the attorneys' fees, expenses, and costs incurred by Chubby Gorilla in connection with this action pursuant to 35 U.S.C. § 285 and/or 15 U.S.C. § 1117;

P. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

Q. Such other and further relief as this Court may deem just and proper.

Chubby Gorilla demands trial by jury as to all causes of action so triable.

Dated: December 18, 2024           Respectfully submitted,

*Of Counsel:*                  /s/James E. Judge

Ali S. Razai (pro hac vice forthcoming)    Zareefa B. Flener (IL Bar No. 6281397)
KNOBBE, MARTENS, OLSON & BEAR, LLP  James E. Judge (IL Bar No. 6243206)
2040 Main Street, Fourteenth Floor      Ying Chen (IL Bar No. 6346961)
Irvine, CA 92614                FLENER IP LAW, LLC
Phone: (949) 760-0404          77 W. Washington St., Ste. 800
Facsimile: (949) 760-9502        Chicago, IL 60602
                                (312) 724-8874
Jack Hendershott (pro hac vice forthcoming)  jjudge@fleneriplaw.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1155 Avenue of the Americas,24th Floor   Marko R. Zoretic (CA Bar. No. 233952)
New York NY 10036             KNOBBE, MARTENS, OLSON & BEAR,
Phone: (212) 849-3000         LLP
Facsimile: (212) 849-3001       2040 Main Street, Fourteenth Floor
                                  Irvine, CA 92614
                                  Phone: (949) 760-0404
                                  Facsimile: (949) 760-9502

                                  *Counsel for Plaintiff Chubby Gorilla, Inc.*